# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAREEM CURRY**,

        Petitioner,

**v.**

        **Case No. 05-C-292**

**STATE OF WISCONSIN,**

        Respondent.

## ORDER ON THE HABEAS CORPUS PETITION

Kareem Curry ("Curry"), is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, Curry seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court previously recommended that Curry's petition be denied and the case dismissed because Curry failed to complete the portion of the pro se habeas corpus form that requires petitioners to state their grounds for relief. (Order, July 1, 2005.). Curry subsequently objected to dismissal of this case and filed an amended petition that sets forth three grounds for relief.

In light of these subsequent submissions, the Honorable J. P. Stadtmueller, United States District Judge, declined this court's recommendation and instructed that a preliminary review of the amended petition be conducted, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, if the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

Curry seeks relief on three grounds: (1) that the complaint against him was issued after substantial delay; (2) that his trial counsel was ineffective for failing to object to certain jury instructions; and (3) that his trial counsel was ineffective for failing to use the preliminary hearing transcript to impeach state witnesses and for failing to call key witnesses in Curry's defense. While Curry says that his appellate counsel refused to pursue his third claim, the court cannot say that it plainly appears that Curry is not entitled to relief. Therefore, the state will be required to answer the petition. In doing so, the respondent should address the issues of timeliness, exhaustion, and procedural default, if applicable.

**Motion to Proceed In Forma Pauperis**

With the Rule 4 screening aside, the court will turn to the petition to proceed in forma pauperis that Curry filed with his initial petition. In light of this court's recommendation that the initial petition be denied and that the case be dismissed, Curry's petition to proceed in forma pauperis and a motion for the appointment of counsel were denied as moot. In addition, the court instructed Curry that "[i]f the district judge disagrees with this court's recommendation and allows the case to proceed, Curry may re-file both motions at that time." (Order, July 1, 2005 at 2.). Curry did not re-file his motion or petition and did not pay the filing fee. However, because the court has now conducted the Rule 4 review ordered by Judge Stadtmueller and has determined that the case will proceed, the petition to proceed in forma pauperis must be revisited.

The filing fee for habeas corpus cases is only $5.00. In his petition to proceed in forma pauperis, Curry states that he often receives $75.00 from his mother and girlfriend combined, that he receives a small amount of money from a school every two weeks, and that he has no dependents. A review of Curry's trust account statement reveals a consistent balance that would allow him to pay the $5.00 filing

2

fee. Therefore, Curry will not be permitted to proceed in forma pauperis and must pay the filing fee. Failure to do so may result in dismissal.

**IT IS THEREFORE ORDERED** that the petitioner shall pay the $5.00 filing fee no later than **January 27, 2006** or the petition may be denied and the case dismissed.

**IT IS FURTHER ORDERED** that a copy of the petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General after receipt of the filing fee.

**IT IS FURTHER ORDERED** that the respondent shall answer the petition within **30 days** after service of the petition.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or his attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers which do not indicate that a copy has been sent to the respondent or her attorney.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2006.

s/AARON E. GOODSTEIN<br>
United States Magistrate Judge